IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DUWAYNE TAYLOR,

      Petitioner,

vs.                                           Case No. 16–cv–1032–DRH

T.G. WERLICH

      Respondent.

## MEMORANDUM AND ORDER

**HERDON, District Judge:**

      Petitioner Duwayne Taylor is in the custody of the Bureau of Prisons, housed at Greenville Federal Correctional Institution in Greenville, Illinois. Petitioner pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), and was sentenced in 2008 to a 180-month term of imprisonment.  *United States v. Taylor*, No. 08-cr-20059-MPM-DGB (C.D. Ill. 2008).  Petitioner was sentenced as an Armed Career Criminal under 18 U.S.C. § 924(e) ("ACCA"), based on three prior Illinois convictions, including robbery and aggravated discharge of a firearm.  Specifically, petitioner alleges that he was charged under the ACCA based on a robbery conviction pursuant to 720 ILCS 5/18-1(a) & b) in case No. 99-CF-35; and a conviction for aggravated discharge of firearm in violation of 720 ILCS 5/24-1.2(a)(2) in case no. 99-CF-1106.

Previously, petitioner brought a habeas corpus action pursuant to 28 U.S.C. § 2255 in case No. 10-cv-2109-MPM-DGB (C.D. Ill. 2010). The court ultimately dismissed that case because Petitioner's plea agreement waived his right to file a § 2255 Motion. (Doc. 11, Case No. 10-2109). Petitioner alleges that he has asked the Seventh Circuit for leave to file a successive § 2255 petition, and was denied. (Doc. 1, p. 2). He further alleges that this case falls within the savings clause because he relies on recent decisions in *Johnson v. United States*, 135 S.Ct. 2551 (2015) and *Mathias v. United States*, 136 S.Ct. 2243 (2016) that were unavailable to him during his initial § 2255 Petition, and because that remedy is no longer available to him.

## Discussion

Rule 4 of the Rules Governing Section 2254 cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases.

Normally a person may challenge his federal conviction only by means of a motion brought before the sentencing court pursuant to 28 U.S.C. § 2255, and this remedy normally supersedes the writ of habeas corpus. A § 2241 petition by a federal prisoner is generally limited to challenges to the execution of the sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998); *Atehortua*

*v. Kindt*, 951 F.2d 126, 129 (7th Cir. 1991). Federal prisoners may utilize § 2241, however, to challenge the legality of a conviction or sentence in cases pursuant to the "savings clause" of § 2255(e). The savings clause allows a petitioner to bring a claim under § 2241, where he can show that a remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Id. See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002).

The Court of Appeals for the Seventh Circuit has held that § 2255 is only inadequate or ineffective when three requirements are satisfied: 1) the petitioner relies on a new case of statutory interpretation rather than a constitutional decision; 2) the case was decided after his first § 2255 motion but is retroactive; and 3) the alleged error results in a miscarriage of justice. *See Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013); *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012). "'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002)); *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998)).

Whether petitioner may utilize the "savings clause" of § 2255(e) depends on whether *Johnson* and *Mathis* are new statutory interpretations. The Seventh Circuit has been clear that *Johnson* is a statutory interpretation case that falls under the savings clause. *Price v. United States*, 795 F.3d 731, 733 (7th Cir. 2015). *Mathis*, although clearly a statutory interpretation case, *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016), still presents a question about whether

it is retroactive, although *Dawkins* suggests that it may be. 829 F.3d at 551 ("An independent claim based on *Mathis* must be brought, if at all, in a petition under 28 U.S.C. § 2241.") The government is therefore directed to submit a response addressing this issue. Furthermore, there is insufficient information before the Court upon which to conclude that dismissal at this preliminary stage pursuant to Rule 4 is appropriate; although Petitioner has summarized the procedural history of his case, the records themselves are not before the Court. Therefore respondent Werlich will be required to respond or otherwise plead.

**IT IS HEREBY ORDERED** that respondent shall answer the petition or otherwise plead within thirty days of the date this order is entered. This preliminary order to respond does not, of course, preclude the State from making whatever waiver, exhaustion, or timeliness argument it may wish to present. Service upon the United States Attorney for the Southern District of Illinois, 750 Missouri Avenue, East St. Louis, Illinois shall constitute sufficient service.

**IT IS FURTHER ORDERED** that pursuant to Local Rule 72.1(a)(2), this cause is referred to United States Magistrate Judge Clifford J. Proud for further pre-trial proceedings.

**IT IS FURTHER ORDERED** that this entire matter be **REFERRED** to United States Magistrate Judge Clifford J. Proud for disposition, as contemplated by Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *should all the parties consent to such a referral.*

Petitioner is **ADVISED** of his continuing obligation to keep the Clerk (and each opposing party) informed of any change in his whereabouts during the pendency of this action. This notification shall be done in writing and not later than seven days after a transfer or other change in address occurs.

**IT IS SO ORDERED.**

**DATED: October 17, 2016**

Digitally signed by Judge David R. Herndon
Date: 2016.10.17 14:02:29 -05'00'

**United States District Judge**