# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DUWAYNE TAYLOR, #14895-026, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 16-cv-1032-NJR ) |
| T. G. WERLICH, | ) ) ) |
| Respondent. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Petitioner Duwayne Taylor, an inmate in the Bureau of Prisons, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Doc. 1). In 2009, Taylor was sentenced to a 180 month term of imprisonment after pleading guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). His sentence was enhanced pursuant to the Armed Career Criminal Act ("ACCA") based, in part, on two prior Illinois felony convictions: robbery pursuant to 720 ILCS 5/18-1(a), and aggravated discharge of a firearm pursuant to 720 ILCS 5/24-1.2(a)(2). 18 U.S.C. § 924(e)(2)(B)(i). Taylor now invokes *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016) and *Johnson v. United States*, – U.S. –, 135 S. Ct. 2551 (2015) to challenge this enhancement based on these prior convictions and to argue that he is entitled to be resentenced without the ACCA enhancement.

For the reasons discussed below, Taylor is not entitled to habeas relief.

### RELEVANT FACTS AND PROCEDURAL HISTORY

Taylor pleaded guilty to one count of Felon in Possession of a Firearm pursuant to 18 U.S.C. § 922(g)(1) on May 27, 2009. *United States v. Taylor*, Case No. 08-cr-20059-MPM,

Doc. 15 (C.D. Ill. May 27, 2009). In his plea agreement, Taylor agreed that he had three prior convictions which qualified him as an Armed Career Criminal under the ACCA and agreed that the ACCA's mandatory minimum sentence of 180 months imprisonment was appropriate. *Id*. While neither party has provided the Presentence Report ("PSR") to the Court, there is no dispute that two of the ACCA predicate convictions were an Illinois robbery conviction under 720 ILCS 5/18-1(a) and an Illinois aggravated discharge of a firearm conviction under 720 ILCS 5/24-1.2(a)(2). (Doc. 1, pp. 5–6; Doc. 6, pp. 8–9). Taylor did not object to the plea agreement or PSR, and he was sentenced to 180 months' imprisonment on July 22, 2009. *United States v. Taylor*, Case No. 08-cr-20059-MPM, Doc. 20 (C.D. Ill. July 22, 2009).

Taylor did not file a direct appeal. He did, however, file a motion under 28 U.S.C. § 2255 in the Central District of Illinois. He asserted, among other things, that the ACCA was unconstitutionally passed by Congress and applied to his sentencing, that applying the ACCA enhancement violated his constitutional due process rights, and that his counsel provided ineffective representation in connection with his sentencing. The motion was denied in all respects. *Taylor v. United States*, Case No. 10-cv-2109-MPM-DGB, Doc. 11 (C.D. Ill. Oct. 20, 2010). The Seventh Circuit denied Taylor's request for a certificate of appealability, *Taylor v. United States*, Case No. 10-3900, Doc. 10 (7th Cir. May 26, 2011), and the Supreme Court denied Taylor's petition for certiorari. *Id*. at Doc. 15.

In 2015, Taylor filed a Section 2241 petition in this district relying on *Johnson v. United States*, 135 S. Ct. 2551 (2015). That petition was denied without prejudice, and the Court informed Taylor that the appropriate vehicle for challenging his sentence pursuant to *Johnson* was to request authorization from the Seventh Circuit to file a second or successive motion under Section 2255. *Taylor v. Cross, Jr.*, Case No. 15-cv-0735-DRH, Docs. 12, 16 (S.D. Ill. Sept. 11, 2015 and Oct.

23, 2015). Taylor proceeded to do just that, filing a motion with the Seventh Circuit requesting leave to file another Section 2255 petition in the Central District of Illinois in September 2015. *Taylor v. United States*, No. 15-3038, Doc. 1 (7th Cir. Sept. 17, 2015).

The Seventh Circuit denied Taylor's motion on the merits, however, finding that "Taylor's status as an armed career criminal is not affected by *Johnson*['s invalidation of the ACCA's residual clause]" because Taylor's predicate convictions were violent felonies that "unquestionably contain as an element the use, attempted use, or threatened use of physical force" pursuant to 18 U.S.C. § 924(e)(2)(B)(i). *Id.* at Doc. 8, pp. 1–2. Several months later, Taylor again filed a motion for authorization to file a successive Section 2255 petition on nearly identical grounds that was also denied by the Seventh Circuit. *Taylor v. United States*, No. 16-2555, Doc. 7 (7th Cir. July 18, 2016).

## APPLICABLE LEGAL STANDARDS

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing, but are instead limited to challenges regarding the execution of a sentence. *See Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998).

Aside from the direct appeal process, a prisoner who has been convicted in federal court is generally limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court that sentenced him. A Section 2255 motion is ordinarily the "exclusive means for a federal prisoner to attack his conviction." *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). And, a prisoner is generally limited to only *one* challenge of his conviction and sentence under Section 2255. A prisoner may not file a "second or successive" Section 2255 motion unless a panel of the appropriate court of appeals certifies that such motion contains either

3

(1) newly discovered evidence "sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

It is possible, however, under very limited circumstances, for a prisoner to challenge his federal conviction or sentence under Section 2241. 28 U.S.C. § 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a Section 2241 petition where the remedy under Section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The Seventh Circuit construed the savings clause in *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998): "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense."

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport,* a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first Section 2255 motion *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

Since *Davenport*, the Seventh Circuit has made it clear that "there must be some kind of structural problem with section 2255 before section 2241 becomes available. In other words,

something more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied." *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015).

## ANALYSIS

Initially, the Court must consider whether Taylor's claim can be brought within the narrow gate of the savings clause. Taylor's petition invokes both *Johnson v. United States*, – U.S. –, 135 S. Ct. 2551 (2015), and *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016), as separate bases for his requested relief. The Court will address these theories in turn.

### I.  *Johnson v. United States*, 135 S. Ct. 2551 (2015)

In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Johnson,* 135 S. Ct. at 2563. As Taylor correctly points out (Doc. 1, pp. 3–4), *Johnson* announces a new rule of constitutional law, not a rule of statutory construction. *See Price v. United States,* 795 F.3d 731, 734 (7th Cir. 2015). To properly fit within the savings clause under *Davenport*, a petitioner's argument must rely upon a new rule of statutory construction. *Brown v. Caraway*, 719 F.3d at 586. Because *Johnson* announced a new rule of constitutional law, the holding of *Johnson* cannot be the basis for a Section 2241 petition. Thus, the proper avenue for Taylor to seek relief pursuant to *Johnson* is by filing a motion pursuant to Section 2255.

Normally, the Court would dismiss Taylor's petition without prejudice with instructions to seek permission to file a successive Section 2255 motion with the Seventh Circuit in order to pursue his theory under *Johnson*. But Taylor has twice already requested permission from the Seventh Circuit to do so, and the Seventh Circuit denied both of his requests. *Taylor v. United States*, No. 15-3038, Doc. 8 (7th Cir. Oct. 16, 2015); *Taylor v. United States*, No. 16-2555, Doc. 7 (7th Cir. July 18, 2016). The Seventh Circuit did not merely dismiss Taylor's request as improper

5

under Section 2255—it did so after considering the merits of Taylor's argument that *Johnson* invalidated his classification as an armed career criminal. The panel determined that "Taylor's status as an armed career criminal is not affected by *Johnson*['s invalidation of the ACCA's residual clause]" because Taylor's predicate convictions were violent felonies that "unquestionably contain as an element the use, attempted use, or threatened use of physical force" pursuant to 18 U.S.C. § 924(e)(2)(B)(i). *Taylor*, No. 15-3038, Doc. 8 at pp. 1–2 (7th Cir. Oct. 16, 2015).

Taylor cannot use the instant Section 2241 petition to relitigate this issue—the fact that the Seventh Circuit has already dismissed his theory under *Johnson* in the Section 2255 context does not make Section 2255 inadequate or ineffective to test the legality of Taylor's detention. *See Roundtree v. Krueger*, 910 F.3d 312, 313 (7th Cir. 2018); *Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) ("[S]omething more than a lack of success with a section 2255 motion must exist before the savings clause is satisfied."). Accordingly, Taylor's requested relief, to the extent that it invokes and relies on *Johnson*, is denied and dismissed with prejudice.

    II.    ***Mathis v. United States*, 136 S. Ct. 2243 (2016)**

The Court now turns to Taylor's argument pursuant to *Mathis v. United States*, – U.S. –, 136 S. Ct. 2243 (2016). Taylor challenges the use of two prior convictions that were counted as violent felonies under the ACCA as "ha[ving] as an element the use, attempted use, or threatened use of physical force against the person of another." 18 U.S.C. § 924(e)(2)(B)(i).

Taylor was previously convicted of robbery under ILL. REV. STAT. Ch. 38, ¶ 18-1, which provided that "[a] person commits robbery when he or she takes property from the person or presence of another by the use of force or by threatening the imminent use of force." 720 ILCS 5/18-1(a) (1999). Taylor was also convicted of aggravated discharge of a firearm under ILL. REV.

6

STAT. Ch. Ch. 38, ¶ 24-1.2(a)(2), which provided that "[a] person commits aggravated discharge of a firearm when he or she knowingly and intentionally . . . [d]ischarges a firearm in the direction of another person or in the direction of a vehicle he or she knows or reasonably should know to be occupied by a person." 720 ILCS 5/24-1.2(a)(2) (1999).

Seventh Circuit precedent holds that both Illinois robbery and Illinois aggravated discharge of a firearm satisfy the ACCA's definition of violent felony because they both have as an element the "use, attempted use, or threatened use of physical force."[1] *See, e.g., United States v. Dickerson*, 901 F.2d 579, 584 (7th Cir. 1990) (robbery); *United States v. Bedell*, 981 F.2d 915, 916 (7th Cir. 1992) (robbery); *United States v. Chagoya-Morales*, 859 F.3d 411, 422 (7th Cir. 2017) (robbery); *United States v. Curtis*, 645 F.3d 937, 940–43 (7th Cir. 2011) (aggravated discharge of a firearm); *United States v. Rivera-Valenzuela*, 492 Fed. Appx. 685, 686–88 (7th Cir. 2012) (aggravated discharge of a firearm).

Taylor cites to *Mathis* and states in a conclusory way that the element of force in his prior convictions is "broader" than force as defined by the ACCA, but he does not develop a complete argument under that case. *Mathis* reaffirms longstanding Supreme Court precedent establishing that, in determining whether a prior crime counts as a predicate crime of violence, a court uses a "categorical approach," looking *not* to the facts of the prior crime but to the statutory elements of the prior conviction. *Mathis*, 136 S. Ct. at 2248. A prior crime qualifies as a predicate "if its elements are the same as, or narrower than, those of the generic offense." *Mathis*, 136 S. Ct. at 2247. *Mathis* holds that, if a statute is divisible (that is, it contains different elements, some of

---

[1] While some of these cases were decided in the context of the career offender analysis under U.S.S.G. §§ 4B1.1 and 4B1.2 rather than 18 U.S.C. § 924(e), the Seventh Circuit interprets these sections in the same way due to the identical language used by both. *See, e.g., United States v. Templeton*, 543 F.3d 378, 380 (7th Cir. 2008) (citing *United States v. Upton*, 512 F.3d 394, 404 (7th Cir. 2008); *United States v. Howze*, 343 F.3d 919, 924 (7th Cir. 2003)).

7

which would not qualify as crimes of violence) the court then uses a "modified categorical approach" which permits it to examine a limited set of documents to determine under which element the predicate crime occurred. *Mathis*, 136 S. Ct. at 2248.

While Taylor gives lip service to the concept of the categorical approach, (Doc. 1, pp. 7–8), it quickly becomes clear that he is not actually asking the Court to apply it to the statutes in question. Rather, he asks the Court to examine the facts of his prior crimes and determine that his conduct did not meet the statutes' respective element of physical force. In his words:

> [As to Taylor's robbery conviction]
>
> The petitioner is appealing this prior conviction . . . based on his actual conduct that did not encompass "force" or by threatening the imminent use of force. The petitioners [sic] actions was the taken back of his stereo [sic] in which the complaintant [sic] had purchased it from another person. The owner of the vehcile [sic] and the petitioner were riding in the vehicle [sic] with the petitioners [sic] stolen stereo. The petitioner removed his stolen stereo and jumped out of the vehicle. The petitioner did not have a weapon, the petitioner [sic] did not use "force" or by threatening [sic] the imminent use of "force." . . .
>
> [As to Taylor's aggravated discharge of a firearm conviction]
>
> The petitioner [sic] conduct that was encompassed to [sic] not meet the "elements" of Illinois statute 720 ILCS 5/24-1. Or .2. The petitioners [sic] actual actions did not fall under any of the "elements" as precribed [sic] by statute. The petitioner was notified that his nephew was being assulted [sic], the petitioner ran to the area and observed his nephew being assaulted, the petitioner "discharged" a weapon into the air, to stop the assault.

(Doc. 1, pp. 5–6). In his reply in support of his petition, Taylor again argues that the facts giving rise to his robbery and aggravated discharge of a firearm convictions establish that he "did not have a weapon . . . did not use any 'force' or threatening manner cause[sic] any level of force or intimidation." (Doc. 18, pp. 5–6).

Because Taylor asks this Court to look at the facts of his crime, his argument is not based on *Mathis*. Rather, it contradicts *Mathis*. In keeping with established precedent, *Mathis* holds that

8

a court looks not to the facts of the prior crime but to the statutory elements of the prior conviction. *Mathis*, 136 S. Ct. at 2248.

Under *Davenport*, in order to trigger the savings clause, a petitioner must first rely on a new case of statutory construction. This means that the argument set forth in his Section 2241 petition must actually flow from the new case of statutory construction. If not, the savings clause of Section 2255(e) would be rendered meaningless. Taylor's argument here does not flow from *Mathis*; it is foreclosed by *Mathis*. Thus, he does not meet the *Davenport* requirements, and his petition does not fit within the savings clause.

Taylor's reply brief also advances the argument that *Johnson v. United States*, 559 U.S. 133 (2010), precludes his Illinois robbery conviction from serving as a violent felony under the ACCA. Taylor argues that Illinois robbery encompasses a concept of physical force that is so minimal that it criminalizes conduct that is not "capable of causing physical pain and injury to another person." (Doc. 18, pp. 2–4) (citing *Johnson*, 559 U.S. at 140). Taylor takes particular issue with Illinois courts' recognition that even physical touch and force that amounts to "resistance, however slight" is sufficient to sustain a robbery conviction. (*Id.*) (citing *People v. Taylor*, 541 N.E.2d 677, 679 (Ill. 1989)).

The Seventh Circuit has rejected this argument repeatedly before *Johnson*, however, *see supra* pp. 8–9, and has declined to revisit the issue after *Johnson*. *See, e.g.*, *United States v. Smith*, 669 F. App'x (Mem) 314, 315 (7th Cir. 2016) (stating that *Johnson* "does not affect convictions classified under the elements clause of the Guidelines or the Armed Career Criminal Act" and recognizing Illinois robbery as a "crime of violence"). Further, subsequent Supreme Court precedent has clarified that the term "physical force" in the ACCA includes the degree of force necessary to commit common-law robbery. *Stokeling v. United States*, – U.S. –, 139 S. Ct. 544,

9

555 (2019). The *Stokeling* court held that common-law robbery criminalized the taking of a person's property with "the amount of force necessary to overcome a victim's resistance," *id*., and that such "resistance, 'however slight' that resistance might be," constituted physical force. *Id*. at 550–51. The text of the Illinois robbery statute, as well as the cases interpreting it, comport with the meaning of "physical force" set forth in *Johnson* and further clarified by *Stokeling*. Taylor's robbery conviction was properly considered a "violent felony" under the ACCA, 18 U.S.C. § 924(e)(2)(B)(i), and habeas relief may not be granted on that basis.

## CONCLUSION

For the reasons set forth above, Taylor's petition for writ of habeas corpus under 28 U.S.C. § 2241 (Doc. 1) is **DENIED**. This action is **DISMISSED with prejudice**. The Clerk of Court is **DIRECTED** to enter judgment accordingly.

If Taylor wishes to appeal the dismissal of this action, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1(A). A motion for leave to appeal *in forma pauperis* ("IFP") must set forth the issues Taylor plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Taylor does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment,

and this 28-day deadline cannot be extended. Other motions, including a Rule 60 motion for relief from a final judgment, do not toll the deadline for an appeal.

It is not necessary for Taylor to obtain a certificate of appealability from this disposition of his Section 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: April 22, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**
